GREENFIELD v. KAPLAN.

(Supreme Court, Appellate Term. December 11, 1906.)

1. BROKERS—COMMISSIONS—PERFORMANCE OF CONTRACT—SUFFICIENCY OF EVIDENCE.

Evidence, in an action to recover commissions for procuring a lessee for defendant's premises, considered, and *held* insufficient to support judgment for plaintiff.

2. TRIAL—RECEPTION OF EVIDENCE—REFUSING PERMISSION TO TESTIFY.

In an action on a contract, defendant's counsel took the stand as a witness, but was stopped by the court, all testimony given by him ruled out, and permission to finish his testimony refused, on the ground that he took advantage when allowed to testify. *Held*, that the action of the court was error.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob Greenfield against Julius Kaplan to recover commissions for procuring a lessee for defendant's premises. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Aaronstein & Chorosh, for appellant.
H. Roth, for respondent.

DAVIS, J. The plaintiff sued to recover $75 as commissions for procuring a lessee for defendant's premises. The complaint alleges plaintiff's employment, the compensation agreed upon, and plaintiff's performance of the terms of his employment by his procuring of one Rosie Greenfield as lessee. The trial justice gave judgment for the plaintiff, holding that plaintiff did procure Rosie Greenfield as tenant, that she was able, ready, and willing to make the lease on the terms

proposed by the defendant, but that the defendant refused to make the lease and was the obstructing cause of the termination of the negotiations.

We think this judgment is clearly unsupported by the evidence. It appears that on November 10, 1904, the defendant agreed to pay the plaintiff $75 commissions if he procured a tenant for defendant's premises 231, 233 East 117th street. This agreement is evidenced by a written memorandum to the effect that the commission is not to be paid if the lease is not executed. Thereafter the plaintiff, Rosie Greenfield, his wife, and a Mrs. Buxbaum, called upon the defendant. At this interview Rosie Greenfield proposed to Mrs. Buxbaum that they take the lease as partners. The defendant demurred to this, and Mrs. Buxbaum also refused to accept that proposition. There was a long discussion between all the parties concerning the lease, as a result of which Mrs. Buxbaum was to become the lessee and Rosie Greenfield and her husband, Jacob Greenfield, were to be deemed the brokers in the transaction, and were to receive $100 commission from Mrs. Buxbaum and $75 commission from defendant. It is clear from this evidence that Rosie Greenfield was not the tenant proposed by plaintiff, Jacob Greenfield, and he should not be allowed to recover on the ground that he produced her as a tenant. If any proper tenant was produced, it was Mrs. Buxbaum, and for this service the plaintiff and his wife, Rosie Greenfield, were to be paid as brokers. This relation was created by a written instrument in evidence. Under these circumstances we think the court erred in holding that the plaintiff was entitled to recover commissions for having produced his wife, Rosie Greenfield, as a tenant for the defendant's premises. In the course of the trial the counsel for the defendant deemed it advisable to take the stand as a witness on behalf of his client. The court stopped the witness and ruled out as immaterial all the testimony given by him up to that point. The court said he could not permit the witness to go on, and when the witness asked permission to finish his testimony the court refused to let him do so, stating as a ground for his refusal that the witness took advantage when allowed to testify. The witness excepted to this ruling of the court. It may be that the witness had important testimony yet to give on behalf of his client when he was stopped by the court. The action of the court in this respect prevented a full and fair trial of the issues, which of itself, we think, would justify a reversal of the judgment.

Judgment is reversed and new trial ordered, with costs to appellant to abide the event. All concur.